IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **MEGAN BABSON,** | ) |
| | ) |
| **Plaintiff,** | ) Case No. |
| | ) |
| v. | ) |
| | ) |
| **MALACOS, INC., d/b/a INN ON THE GULF and JOHN MALACOS, an individual** | ) |
| | ) |
| **Defendants.** | ) |
| | / |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, the plaintiff, MEGAN BABSON ("Ms. Babson"), by and through the undersigned attorney, and sues the defendants MALACOS, INC., d/b/a INN ON THE GULF ("Inn on the Gulf") and JOHN MALACOS ("Mr. Malacos") an individual, and states as follows:

### Parties and Nature of Claims

1. Malacos, Inc. is a Florida for profit corporation registered with the Division of Corporations of the state of Florida with Document Number P9000018273 and having a principal address of 6330 Clark Street, Hudson, Florida 34667.

2. Malacos, Inc. operates a business in Hudson, Pasco County, Florida under the fictitious name of INN ON THE GULF, same being registered with the Division of Corporations of the State of Florida with Registration Number G1000128596.

3. At all times material, Inn on the Gulf employed 15 or more employees.

4. John Malacos, an individual, upon information and belief, is a resident of Pasco County, Florida.

5. Megan Babson is a resident of Pasco County, Florida.

6. The actions as described in this Complaint that give rise to Ms. Babson's claims occurred in Pasco County, Florida.

7. Ms. Babson's claims involve violations of Title VII of the Civil Rights Act of 1964, and intentional infliction of emotional distress and civil battery under Florida law; and Ms. Babson has satisfied her pre-suit requirements, including exhausting her administrative remedies through the U.S. Equal Employment Opportunity Commission in which she received a Notice of Right to Sue, dated February 10, 2021.

8. Jurisdiction and venue are proper with the United States District Court for the Middle District of Florida, in the Tampa Division.

## Count I – Sexual Harassment

9. Ms. Babson re-alleges and incorporates paragraphs 1 – 5 and 7, here under Count I for Sexual Harassment.

10. Ms. Babson at all relevant times, including the period of time between in or about August 2016 through March 2020, was employed by Inn on the Gulf as a waitress and as a trainer.

11. Ms. Babson is a female; accordingly, she is considered a protected group under sex discrimination and afforded protections against an intimidating, hostile or offensive work environment.

12. During Ms. Babson's employment with Inn on the Gulf she was subjected to unwelcomed sexual harassment in the form of sexual advances, request for sexual favors, and other physical conduct of a sexual nature.

13. The sexual harassment included, but was not limited to,: repeated sexually charged and offensive comments about her butt; repeated request to give blow jobs, repeated requests to have sex; and repeated request to expose certain private areas of her body.

14. The sexual harassment also included frequent occasions of being grabbed by the back of her hair while having sexually charged and offensive comments said to her; being thrusted upon from the rear; and having hands placed down the back side of pants resulting in skin-on-skin contact.

15. John Malacos, often referred to as "Johnny", a manager and owner of the company, Inn on the Gulf, was the main perpetrator.

16. John Malacos also exposed his penis and forced it unto the hand of Ms. Babson.

17. All of the sexual harassment was unwelcomed by Ms. Babson and she requested that the sexual harassment stop; however, it did not.

18. The sexual harassment Ms. Babson was subjected to was based on her sex as a female.

19. The sexual harassment was sever and pervasive.

20. The sexual harassment would occur during almost every shift she worked, up to 5 and 6 days a week.

21. The sexual harassment altered the terms and conditions of Ms. Babson's employment and unreasonably interfered with her work performance, created an intimidating, hostile, and offensive working environment.

22. Ms. Babson was even fearful to quit. However, once an escape route became available for her, she was compelled to terminate her employment.

23. Inn on the Gulf is for the most part a family-owned business whereby the managers and owners were all aware of the sexual harassment occurring.

24. Inn on the Gulf knew, or should have known, of the sexual harassment being experienced by Ms. Babson.

25. Additionally, because the perpetrators were also the managers and owners, there was no other party for which to also report the sexual harassment.

26. Ms. Babson has suffered damages as a result of the sexual harassment.

27. Ms. Babson was required to retain the undersigned attorney in order to prosecute this claim and she is obligated to pay her attorney's a reasonable fee for the services.

28. Ms. Babson has incurred attorney's fees and costs in prosecuting this claim.

29. Title VII authorizes Ms. Babson to recover her reasonable attorney's fees and costs.

WHEREFORE, Ms. Babson hereby demands judgment against Inn on the Gulf for all damages suffered and as proven up to this Court; pre-judgment and post judgment interest; recovery of her costs and reasonable attorney's fees; and all other relief this Court deems appropriate.

## Count II – Intentional Infliction of Emotional Distress

30. Ms. Babson re-alleges and incorporates the following paragraphs under Count II for Intentional Infliction of Emotional Distress: 1-5, 7, 9, 11-16, and 18-20.

31. Count II is a claim for damages in excess of $30,000 against defendant John Malacos.

32. John Malacos's conduct was intentional, or at a minimum, reckless, and he intended his behavior and he knew, or at a minimum should have known, that Ms. Babson would suffer emotional distress as a result of his conduct and behavior.

33. The conduct and behavior of John Malacos was outrageous and went well beyond all bounds of decency and is to be regarded as odious and utterly intolerable in a civilized community.

34. John Malacos's conduct and behavior caused severe emotional distress suffered by Ms. Babson.

35. Ms. Babson has suffered damages as a result of John Malacos's conduct and behavior.

36. Ms. Babson has incurred costs in prosecuting this claim against John Malacos.

WHEREFORE, Ms. Babson demands judgment against John Malacos for her damages as proven up to this Court; recovery of her costs; reserves a right to amend her claim to seek punitive damages; and for all additional relief this Court deems appropriate.

## Count III – Civil Battery

37. Ms. Babson re-alleges and incorporates the following paragraphs under Count III for Civil Battery: 1-5, 7, 9, 11-16, 18-20, and 30.

38. John Malacos performed several affirmative acts that were intentional against Ms. Babson.

39. The affirmative and intentional acts of John Malacos as described under paragraphs 14 and 16, above, were both subjective and objectively offensive.

40. The offensive affirmative acts perpetrated by John Malacos caused Ms. Babson to suffer damages.

41. Ms. Babson has incurred costs in prosecuting this claim.

WHEREFORE, Ms. Babson demands judgment against John Malacos for her damages as proven up to this Court, an award of her costs; a reservation to amend her claim to include punitive damages; and all additional relief this Court deems appropriate.

## Demand for Jury Trial

Ms. Babson hereby demands a trial by jury on all issues so triable.

[Remainder of page left blank intentionally.]

Respectfully submitted,

*[signature]*

BOOTH & COOK, P.A.
DAMIEN A. D'ASCENZIO, ESQ.
Lead Trial Attorney
Florida Bar No. 0055677
7510 Ridge Road
Port Richey, Florida 34668
Telephone 727-842-9105
Facsimile 727-848-7601
Primary: Damien@BoothCook.com
Secondary: Carmel@BoothCook.com
LitigationServiceCompliance@BoothCook.com
*Attorneys for Plaintiff, Megan Babson*